[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-15806
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-14244-CV-DMM

ROBERT J. DARRETTA,
MARYELLEN DARRETA,

                                        Plaintiffs
                                        Counter-Defendants
                                        Appellees,

                    versus

WINDSOR PROPERTIES, a Florida general partnership,
TORWEST, INC., a Florida corporation as general partner
of Windsor Properties,

                                        Defendants
                                        Counter-Claimants
                                        Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 28, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Defendants-Appellants Windsor Properties ("Windsor") and Torwest, Inc. ("Torwest") appeal an adverse judgment in favor of Robert and Maryellen Daretta ("the Darettas"), awarding monetary damages incidental to specific performance. The Darettas filed this suit against Windsor and Torwest, the developer of the residential community where the Darettas purchased two lots, seeking specific performance on approval of their architectural plans for their home, appointment of a special master to oversee the plan approval and construction process, and damages for breach of contract. Windsor and Torwest counterclaimed against the Darettas seeking specific performance on the forfeiture and repurchase of the Darettas's property. Following a bench trial, the district court denied both parties' requests for specific performance, awarded damages to the Darettas in the amount of $755,058.00, and ordered the parties to mediate the ongoing architectural disputes with an appointed special master. The district court then entered judgment pursuant to Fed. R. Civ. P. 54(b) on the monetary damages award.

"We review conclusions of law *de novo* but do not disturb findings of fact unless they are clearly erroneous." *Godfrey v. BellSouth Telecomms., Inc.*, 89 F.3d 755, 757 (11th Cir. 1996) (citations omitted). "Equitable remedies will not be

2

disturbed unless the [d]istrict [c]ourt abused its discretion or made an error of law, or unless the findings of fact are not supported by the evidence." *Id.* (citation omitted).

After careful review, we find that the district court abused its discretion in awarding monetary damages. As the district court properly noted in its order awarding damages, a court may award damages incident to a decree of specific performance in order to adjust the equities between the parties. *See Kissman v. Panizzi*, 891 So.2d 1147, 1150-51 (Fla. Dist. Ct. App. 2005) ("[D]amages awarded incident to a decree of specific performance . . . are a way of compensation to adjust the equities between the parties to place them in a position that they would have occupied had the contract been timely performed.") (citation omitted). Here, the district court awarded damages to the Darettas, "in order to balance the equities," although it had denied both parties' requests for specific performance. The award of damages, thus, was not *incident* to any specific performance[1] and was in error.

Accordingly, we reverse the district court's award of monetary damages and remand this case for further proceedings consistent with this opinion.

---

[1]The parties do not argue that the damages were awarded as breach of contract damages.

**REVERSED and REMANDED.**[2]

---

[2]Our resolution is of course without prejudice to an award of damages on remand pursuant to the Darettas' breach of contract claim, or pursuant to a grant of specific performance (e.g., assuming specific performance of the entirety of the architectural plans is not appropriate, nevertheless, specific performance of some part thereof might be, or some other appropriate specific performance).